*452 Opinion
HULL, J.
Defendant was convicted by a jury of three counts of lewd and lascivious acts on a child under the age of 14 years (Pen. Code, § 288, subd. (a); further undesignated section references are to the Penal Code) and three counts of forcible lewd and lascivious acts on a child under the age of 14 years (§ 288, subd. (b)). Sentenced to an aggregate state prison term of 12 years, defendant appeals.
In the published portion of this opinion, we conclude that defendant was properly convicted of multiple violations of section 288 arising from a single incident, during which he fondled several different areas of the victim’s body. In the unpublished portion of the opinion, we reject defendant’s other contentions. We affirm the judgment.
Facts and Procedural History
In November 1996, seven-year-old D. G. (hereafter D.) moved to a house on Norstrom Way in Sacramento with her mother and brother. Defendant lived across the street and a couple of houses down with his wife and four sons. D.’s family and defendant’s family soon became friends and D. often played at defendant’s house with defendant’s son, A. On several occasions, she spent the night in the living room of defendant’s house with A. and A.’s cousin. She slept either on the floor, or on a couch.
During one sleep over, when D. was eight years old, she was awakened by the feel of defendant rubbing her breasts. Defendant squeezed her thighs and rubbed the area of her vagina, first over and then under her clothes. He stuck his finger inside her vagina. Defendant also rubbed D.’s “bottom,” first over and then under her clothes, and stuck his finger inside her “bottom.” D. eventually told defendant she had to use the bathroom. She did so and, when she returned, defendant was gone.
Initially, D. did not tell anyone about the incident. Defendant had threatened to do something to her, or her family, if she told of the incident. D. and her family moved away from the area in September 1998. In January 1999, D. informed her brother of the molest. Her brother then reported it to their mother who questioned D. D. later told her father she had not reported the matter sooner, because she was afraid and embarrassed and worried she would not be able to see the other members of defendant’s family again.
Defendant was interviewed by police. Initially, he denied ever touching D. Later, defendant acknowledged having slapped the victim on the butt a *453 couple of times in a playful way and said he might have touched her chest while wrestling around as he did with the other children in the house. Eventually defendant admitted that one night before going to bed he squeezed the victim’s butt and vaginal area for a couple of seconds. Defendant said he felt terrible about having done it and was ashamed of himself.
Defendant was charged with eight counts of lewd and lascivious conduct (§ 288, subd. (a)) and 12 counts of forcible lewd and lascivious conduct (§288, subd. (b)), arising out of the sleep-over incident and several others reported by the victim. He was tried, but the jury was unable to reach a verdict, and a mistrial was declared. In a second trial, the jury found defendant guilty of six counts of lewd and lascivious conduct, three forcible and three nonforcible, arising out of the sleep-over incident. Defendant was found not guilty on 10 counts, and no verdict was reached on the remaining four counts. Defendant was sentenced to the upper term of eight years on one count of forcible lewd and lascivious conduct and consecutive terms of two years (one-third the middle term) on the other forcible counts. On the nonforcible counts, defendant received concurrent terms of six years.
Discussion
I

Multiple Lewd and Lascivious Acts

The amended information contained 20 counts, all alleging unspecified lewd and lascivious conduct with D. between October 4, 1997, and January 26, 1999. During the prosecutor’s argument to the jury, she presented a summary of the 20 counts, identifying the particular incident and conduct corresponding to each count. For example, count nine was identified as digital penetration of D.’s “butt hole” during the sleep-over incident.
During his closing argument, defense counsel took issue with the prosecutor’s enumeration of the separate offenses. Counsel argued that multiple touchings during a single incident constitute but one offense, explaining: “Let’s suppose a man touches a woman’s leg, beginning at the ankle, and runs it past the knee and all the way up to the thigh. He has touched different describable areas of the body, the ankle, the shin, the knee, the thigh, the quad, the hamstring, however you want to delineate it. But that’s one touching. That’s one touching.”
The prosecutor objected, and a hearing was conducted outside the presence of the jury. Over defendant’s objection, the court instructed the jury as *454 follows: “Now, here’s the answer to the objection raised on this issue: [IQ Each touching of the body of a child with the specific intent required is a separate crime. When that touching moves from one area of the body to another different area of the body, this is a separate offense, even though occurring close in time. flO In case of the penetration or insertion of a finger in the vagina or the rectum, those acts are separate crimes from any unlawful touching that may precede or may follow the act of penetration.”
In People v. Scott (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (Scott), the defendant was charged with 14 counts of lewd and lascivious conduct in violation of section 288. (Scott, at p. 339.) Ten of the charges involved sexual intercourse on separate occasions. On two such occasions, the sexual intercourse was accompanied by fondling of the victim, which was charged as an offense separate from the intercourse. (Id. at pp. 337-338.) The Court of Appeal reversed the conviction on the two fondling charges, concluding the conduct was “ ‘indivisible’ ” from the accompanying sexual intercourse. (Id. at p. 340.)
The state Supreme Court reversed. The court explained: “Each individual act that meets the requirements of section 288 can result in a ‘new and separate’ statutory violation.” (Scott, supra, 9 Cal.4th at pp. 346-347.)
Defendant argues Scott is inapposite, because the issue there was whether acts of fondling can be charged separately from other types of sexual conduct occurring on the same occasion. Defendant points out that in Scott, the defendant was convicted of one lewd and lascivious act in connection with the fondling of several parts of the victim’s body. Thus, Scott did not address whether the fondling of several parts of the body may be charged as multiple offenses.
Strictly speaking, defendant is correct. The positive authority of a decision is coextensive with its facts. (Trope v. Katz (1995) 11 Cal.4th 274, 284 [45 Cal.Rptr.2d 241, 902 P.2d 259]; Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1157 [278 Cal.Rptr. 614, 805 P.2d 873].) In Scott, evidence was presented that, on one occasion when the defendant had sexual intercourse with the victim, he also fondled her breasts and buttocks. On another occasion, he fondled her breasts, buttocks and “private.” (Scott, supra, 9 Cal.4th at p. 338, fn. 2.) However, for each occasion, the defendant was charged with only two counts, one for the intercourse and one for the fondling. The. Supreme Court held that the separate charges were sustainable.
Notwithstanding the facts of Scott, its reasoning goes much further. In Scott, the high court relied heavily on its earlier decision in People v. *455 Harrison (1989) 48 Cal.3d 321 [256 Cal.Rptr. 401, 768 P.2d 1078] (Harrison). In Harrison, the defendant was convicted of three counts of sexual penetration with a foreign object (§ 289) in connection with a single incident when he broke into the victim’s bedroom and inserted his finger into her vagina three separate times. Each time, the defendant’s finger was inside the victim’s vagina for several seconds before being dislodged when the victim pulled away. (Harrison, at pp. 325-326.) Despite the close proximity and similar nature of the underlying acts, the court concluded three separate convictions were permitted. The court explained that “[A] new and separate violation of section 289 is ‘completed’ each time a new and separate ‘penetration, however slight’ occurs.” (Id. at p. 329.)
In Scott, the court indicated the same rule should apply under section 288. According to the court, “a more lenient rule of conviction should not apply simply because more than one lewd act occurs on a single occasion. [Citation.] Under defendant’s approach, the clever molester could violate his victim in numerous lewd ways, safe in the knowledge that he could not be convicted and punished for every act. In light of the special protection afforded underage victims, we cannot conceive that the Legislature intended this result.” (Scott, supra, 9 Cal.4th at p. 347.)
In a footnote, the court rejected the defendant’s argument that, when multiple lewd acts are committed on the same occasion, the number of convictions is limited to the number of acts separately defined as a crime and cannot include “undefined” conduct such as fondling. The court that explained such an approach is inconsistent with the statutory scheme, which provides that “a separate violation of section 288 can be based on each distinct lewd act committed against the victim on the same occasion.” (Scott, supra, 9 Cal.4th at p. 348, fn. 10.)
Defendant here articulates no reasonable justification for treating fondling of a victim, accompanied by the requisite intent, differently from other types of contact between a victim and a perpetrator. Each constitutes a violation of section 288. In Scott, the defendant was properly convicted of two lewd acts where he fondled the victim and then had sexual intercourse with her. Although the defendant in Scott fondled multiple locations on the victim’s body, he was convicted of only one offense; this was a function of his having been charged with only one offense. The only thing that distinguishes this case from Scott is that the multiple offenses here are of the same type, fondling.
In Harrison, the defendant was properly convicted of three acts of sexual penetration where three digital insertions occurred during the same assault. *456 Although, in Harrison, each offense was separated by a period of no sexual activity, this distinction carries no weight. Where a defendant fondles a portion of the victim’s body with the requisite intent, a violation of section 288 has occurred. The offense ends when the defendant ceases to fondle that area. Where a defendant fondles one area of the victim’s body and then moves on to fondle a different area, one offense has ceased and another has begun. There is no requirement that the two be separated by a hiatus, or period of reflection.
In this matter, the jury was instructed that, when touching moves from one area of the victim’s body to another, separate offenses have occurred. That was a proper statement of the law. It cannot reasonably be doubted that, when fondling of an underage victim moves from one area of the body to another, a separate outrage has occurred. A defendant who violates multiple areas of the victim’s body is deserving of greater punishment. Inasmuch as section 288 treats equally all types of touching when accompanied by the requisite intent, there is no basis for treating multiple acts of fondling differently from multiple acts of other sexual touching.
In his argument to the jury, defense counsel suggested that a person who moves his hand up a woman’s leg might touch many separately identified body parts. We do not consider here whether fondling of each and every separate portion of a victim’s body will always amount to multiple offenses; we are not called upon to reach that question. Defendant was charged with having fondled the victim’s breasts, buttocks, vagina and thigh. The evidence established a separate fondling of each indicated body part and not merely a touching en route to another area. This suffices for separate convictions.
Nor does this matter present the question whether, for example, a separate touching of a victim’s vagina incident to digital penetration of that same body part amounts to a separate offense. Here, defendant did not merely touch D.’s vagina; he rubbed the area around it, both over and under D.’s clothes. Under the circumstances presented, defendant was subject to multiple convictions for the one sleep-over incident.
Having so concluded, we necessarily dispose of defendant’s claim that there is no substantial evidence to support multiple convictions arising out of the sleep-over incident. Defendant argues there is no evidence to support the requirement of Scott that he “stopped and resumed unlawful activity during a sexual assault. . . .” We disagree. When defendant moved his hand from one area of D.’s body to another, or stopped rubbing an area and inserted his finger in her vagina, or rectum, he stopped one lewd act and began another. *457 There is no requirement that there be a delay between the completion of one act and the commencement of another. Multiple convictions are supported by substantial evidence.
II-VIII*
Disposition
The judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect the correct spelling of defendant’s name as “Jimenez.”
Davis, Acting P. J., and Nicholson, J., concurred.
On June 21, 2002 the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was denied September 11, 2002.

See footnote, ante, page 450.